THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

### CITATION

Cause No. 348-304647-18

ANGELA SLATER
VS.
JOSHUA JEFFERSON, ET AL

TO: BLOOMIN BRANDS INC

B/S REG AGENT-JOSEPH J KADOW 2202 NORTH WEST SHORE BLVD TAMPA, FL 33607-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE PRODUCTION, ADMISSIONS & INTERROGATORIES at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 348th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

ANGELA SLATER

Filed in said Court on November 30th, 2018 Against
JOSHUA JEFFERSON, BLOOMIN BRANDS INC

For suit, said suit being numbered 348-304647-18 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE PRODUCTION, ADMISSIONS & INTERROGATORIES  a copy of which
accompanies this citation.

RYAN A LUNA
Attorney for ANGELA SLATER Phone No. (254)772-5653
Address    3919 W WACO DR WACO, TX 76710

_____   Thomas A. Wilder   _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 3rd day of December, 2018.

By _____
JENNIE THOMAS

A CERTIFIED COPY
ATTEST: 12/03/2018
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Jennie L. Thomas

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
     Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN *34830464718000006*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE PRODUCTION, ADMISSIONS & INTERROGATORIES, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                            _____
                          County of _____, State of _____

## *CITATION*

Cause No. 348-304647-18

ANGELA SLATER

VS.

JOSHUA JEFFERSON, ET AL

ISSUED

This 3rd day of December, 2018

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By          JENNIE THOMAS Deputy

RYAN A LUNA
Attorney for: ANGELA SLATER
Phone No. (254)772-5653
ADDRESS: 3919 W WACO DR

WACO, TX 76710

*CIVIL LAW*



*34830464718000006*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**ORIGINAL**



FILED
TARRANT COUNTY
11/30/2018 9:21 AM
THOMAS A. WILDER
DISTRICT CLERK

Cause No. **348-304647-18**

| | | |
|---|---|---|
| **ANGELA SLATER** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **v.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **JOSHUA JEFFERSON** | § | |
| **and BLOOMIN' BRANDS, INC.** | § | |
| **Defendants** | § | _____ **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE, PRODUCTION, ADMISSIONS & INTERROGATORIES

Plaintiff, Angela Slater, files this Plaintiff's Original Petition, Request for Disclosure, Request for Admissions, Request for Production, And Interrogatories against Joshua Jefferson and Bloomin' Brands, Inc. and for cause of action would show this Court as follows:

### I. DISCOVERY LEVEL

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.1, Plaintiff intends to conduct discovery in this case under Level 3 as prescribed by TEXAS RULE OF CIVIL PROCEDURE 190.4.

### II. PARTIES & SERVICE OF CITATION

Plaintiff, Angela Slater, is an individual who resided in Tarrant County, Texas at the time of the incident, which forms the basis of this lawsuit.

Defendant, Joshua Jefferson, is an individual whose last known address is 1151 Highway I-20 West, Arlington, Texas 76015. Service of Process may be obtained on the Defendant, Joshua Jefferson, at the above address or wherever in the State he may be found via private process server.

Defendant, Bloomin' Brands, Inc., is foreign, for-profit corporation doing business in Texas. Service of Process may be obtained on Bloomin' Brands, Inc. by serving its registered

agent: Joseph J. Kadow, at 2202 North West Shore Boulevard, Tampa, Florida 33607 or wherever in the state it may be found via private process server.

### III. MISNOMER, ALTER-EGO, ASSUMED NAME

Pursuant to Tex. R. Civ. P 28, in the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein.

### IV. JURISDICTION & TEX. R. CIV. P. 47

Pursuant to Texas Rule of Civil Procedure 47(c)(5), Plaintiff hereby states she is seeking monetary relief of over $1,000,000.00.

### V. VENUE

Venue is appropriate in Tarrant County, Texas under §15.002(a)(1) of the Texas Civil Practice and Remedies Code. It is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### VI. FACTUAL BACKGROUND

The Plaintiff brings the suit to recover for bodily injuries that resulted from a slip and fall incident. Specifically, on or about January 2, 2017, the Plaintiff and her family were customers at the Outback Steak House located at 1151 Highway I-20 West, Arlington, Tarrant County, Texas to celebrate her birthday. As the Plaintiff was walking towards the bar, she slipped and fell on a slippery substance causing her to fall on her right side. Due to the Defendant's negligence and defective premises, the plaintiff sustained significant personal injuries and damages.

### VII. RESPONDEAT SUPERIOR

At all times material hereto, all agents, servants, and/or employees of Defendant, Bloomin' Brands, Inc., were acting within the course and scope of employment and/or official

duties. Furthermore, at all times material hereto, all agents, servants, and/or employees of Defendant, Bloomin' Brands, Inc. were acting in furtherance of the duties of their office and/or employment. Therefore, Defendant, Bloomin' Brands, Inc. is responsible for all damages resulting from the negligent acts and/or omissions of its agents, servants, and/or employees pursuant to the Doctrine of Respondeat Superior.

## VIII. CAUSES OF ACTION

Plaintiff alleges that on the occasion in question, the Defendants failed to use ordinary care by various acts and omissions in at least the following ways:

*Joshua Jefferson*

- a. Failure to exercise ordinary care in maintaining the premises in a reasonably safe condition;
- b. Failure to protect and safeguard invitees such as Plaintiff from unreasonably unsafe and dangerous conditions;
- c. Failure to exercise reasonable care to reduce or eliminate the risk to invitees such as Plaintiff from unreasonably unsafe and dangerous conditions, and/or its failure to warn invitees such as Plaintiff of the unreasonably unsafe and dangerous conditions at the time of this incident, including but not limited to the following respects:
    - (1) Defendant negligently permitted a dangerous condition to exist and/or remain in the area in question; and
    - (2) Defendant negligently failed to exercise that degree of care in the maintenance of the floor as would a person of ordinary prudence under the same or similar circumstances on the occasion in question.

*Bloomin' Brands, Inc.:*

- a. Failure to recruit, select, and hire competent employees capable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;
- b. Failure to adequately train its employees in locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;
- c. Failure to adequately supervise its employees to ensure they are locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;
- d. Failure to terminate employee incapable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions; and
- e. Negligently cleaning its floor in such a way that caused an unreasonable risk of harm to the public.

At all times relevant to this lawsuit, Defendants knew or in the exercise of ordinary and reasonable care should have known of the dangerous condition and of the foreseeable harm that its negligent acts and/or omissions posed to invitees such as plaintiff. The negligence described herein should be imputed to Defendant, Joshua Jefferson, because such negligence occurred as a result of the acts and/or omissions of Defendant's employees, agents, servants, representatives, and/or officers and with Defendant's knowledge and/or consent.

At all times relevant to this lawsuit, Defendants knew or in the exercise of ordinary and reasonable care should have known of the dangerous condition and of the foreseeable harm that its negligent acts and/or omissions posed to invitees such as plaintiff. The negligence described herein should be imputed to Defendants, Bloomin' Brands, Inc. because such negligence occurred as a result of the acts and/or omissions of Defendants' employees, agents, servants, representatives, and/or officers and with Defendants' knowledge and/or consent.

Each and all of the above stated acts and/or omissions constitute negligence and the same are a proximate cause of the injuries and damages sustained by plaintiff.

## IX. RULE 193.7 NOTICE

Pursuant to Rule 193.7, Texas Rules of Civil Procedure, Plaintiff intends to rely upon the authenticity of any document Defendants produces in discovery.

## X. CONDITIONS PRECEDENT

All conditions precedent have been performed or have occurred.

## XI. INTEREST

Plaintiff seeks pre-judgment interest and post-judgment interest in the maximum amounts allowed by law.

## XII. SPOLIATION

If Defendants lost or destroyed evidence, including but not limited to statements of the parties, Plaintiff is entitled to a spoliation instruction. *Trevino v. Ortega*, 969 S.W.2d 950 (Tex. 1998).

## XIII. DAMAGES

As a direct and proximate result of the Defendant's negligence, plaintiff suffered the following injuries and damages:

a. Physical pain and suffering in the past;
b. Physical pain and suffering that, in reasonable probability, will be suffered in the future;
c. Lost wages in the past;
d. Loss of wage earning capacity that, in reasonable probability, will be incurred in the future;
e. Mental anguish suffered in the past;
f. Mental anguish that, in reasonable probability, will be suffered in the future;
g. Physical disability and impairment in the past;
h. Physical disability and impairment that, in reasonable probability, will occur in the future.

Based on the above enumerated injuries and damages which were caused by the negligent acts and/or omissions of the Defendant, the Plaintiff pleads for actual damages in an amount that the jury deems reasonable under the circumstances which is within the jurisdictional limits of the Court.

## XIV. PRAYER

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer and that on final hearing plaintiff have judgment against Defendants for an amount within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as provided by law, costs of court and for such other and further relief, at law or in equity to which Plaintiff is justly entitled.

## XV. REQUEST FOR DISCLOSURE

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2

## XII. FIRST REQUEST FOR PRODUCTION

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to produce, within fifty (50) days of service of this request, the following information. Demand is hereby made for supplementation of the Defendant's responses to this Request for Production as required by TEXAS RULE OF CIVIL PROCEDURE 193.5.

### Definitions & Instructions

For purposes of the following Requests, the following definitions and instructions apply:

"You", "Your" and "Defendant" means and refers to the named Defendant responding to the request, as well as its attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

"Incident in Question" means and refers to the incident described in Plaintiff's Original Petition.

"Location in Question" or "Premises in Question" refers to Defendant's restaurant located at 1151 Highway I-20 West, Arlington, Texas 76015.

"Document" means and includes writings of every type and from any source, including originals and non-identical copies thereof that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but in symbols, pictures, sound recordings, film, tapes and information restaurant in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes,

work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

"Custodian" means the person or entity with care, custody, control of the item or document that is subject of inquiry. A request to identify the custodian of any item or document is a request to provide the name, address and telephone number of said custodian.

"Photograph" means and includes any motion picture, still picture, transparency, videotape, drawing, sketch, electronic image, negatives or any other recording of any non-verbal communication in tangible form.

You are not asked to divulge or provide any information or documents which are privileged in nature. However, for each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim or privilege or other ground for exclusion.

If a requested document once was but is no longer in the possession, custody or control of Defendant or any of its representatives, state what disposition was made of such document.

If any of these requests cannot be responded to in full, please respond to the extent possible, specifying the reason for Defendant's inability to fully respond, and stating whatever information or knowledge Defendant has concerning the portion to which Defendant cannot fully respond.

Pursuant to *Overall v. Southwestern Bell Yellow Pages*, a party is required to send the documents to the requesting party along with a copy of the response. Unless there are thousands of documents, a party is not permitted to merely make documents available at a specific location. 869 S.W.2d 629 (Tex. App.–Houston [14th Dist.] 1994).

### Requests For Production

1.    Any and all photographs or other electronic images that contain images of the underlying facts or that Defendant intends to offer into evidence at trial.

2.    Any and all photographs, movies, videotapes or other visual reproductions that Defendant has of the parties, persons with knowledge of relevant facts, the facilities, mechanisms or items involved, or scene of the Incident in Question.

3.    All published documents, treatises, periodicals or pamphlets on the subject of medicine, any engineering field, and any other area of scientific study that you claim to be a reliable authority that may be used by you at trial.

4.    All published documents, treatises, periodicals or pamphlets on the subject of medicine, any engineering field, and any other area of scientific study that any testifying expert claims to be a reliable authority that may be used by you at trial.

5.    All published documents, treatises, periodicals or pamphlets on the subject of medicine, any engineering field, and any other area of scientific study that any testifying expert has relied, or will rely, upon to support their opinions and mental impressions.

6.    All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

7.   All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards that any of your testifying experts have relied, or will rely, upon to support their opinions and mental impressions.

8.   All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards that any of your testifying experts claim to be reliable authority which may be used at the time of trial.

9.   Copies of any and all statements made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by Plaintiff and any stenographic, mechanical, electrical or other type of recording or any transcription thereof.

10.  Any written, taped or mechanically reproduced statement made of any Defendant or Plaintiff.

11.  Any and all drawings, surveys, plats, maps or sketches of the scene of the Incident in Question.

12.  Any document, photograph, or other physical evidence that will be used or offered at trial.

13.  All documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations) that constitute or contain matters relevant to the subject matter of the action.

14.  The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by Defendant, Defendant's agents, or Defendant's insurers in the ordinary course of business.

15.  The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by Defendant, Defendant's agents, or Defendant's insurers before Plaintiff filed Plaintiff's Original Petition with the court.

16.  A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the Incident in Question including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

17.  Any documents, videotapes, recordings, reports, photographs, or other written records pertaining to any investigation of the Incident in Question.

18.  All documents regarding all other claims whether made in the past or being currently made against Defendant or Defendant's insurance policies at the Location in Question.

19.     Any and all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third party defendant to this suit or its representatives, agents, or insurers regarding any compromise, settlement, apportionment of liability or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:

    a.     The Incident in Question;
    b.     Plaintiff's damages;
    c.     The presentation of any testimony;
    d.     Whether or how to conduct any cross-examination;
    e.     The performance of discovery; and/or
    f.     The presentation of any defense, excuse, or inferential rebuttal.

20.     Copies of any document or statement that any witness of Defendant will use or you anticipate may use to refresh his or her memory, either for deposition or trial.

21.     Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at trial.

22.     Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case, but which may be used as demonstrative evidence at trial.

23.     Any information relating to any arrest or conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of relevant facts named in discovery information provided by or to you before trial. Please include the name of the person convicted, the offense for which he or she was arrested or convicted, the year of such arrest or conviction, the court of such conviction, and the disposition of the case or allegation.

24.     All documents regarding Plaintiff's medical status, treatment or history obtained, created, or possessed by Defendant.

25.     All documents regarding Plaintiff's financial status, earnings history, and tax payment history obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

26.     All documents regarding Plaintiff's claims history obtained by Defendant via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

27.     All documents, records, reports, notations, or memoranda regarding Plaintiff from persons or entities that compile claim information, to include but not limited to,

insurance claims, unemployment claims, social security claims, and worker's compensation claims.

28. All statements or documents that show the identity of any witness to the Incident in Question, or any person with knowledge of relevant facts concerning the Incident in Question, the events leading up to it, or any damage sustained by Plaintiff.

29. All documents and tangible things which support your contention that:

    a. Any act or omission on the part of Plaintiff caused or contributed to the Incident in Question;

    b. Any factor, other than a. above, contributed to or was the sole cause of the Incident in Question, including but not limited to, acts or omissions of negligence of any other party or parties, or potential third-party Defendants;

    c. Any factor caused or contributed to the Plaintiff's damages, including but not limited to, pre-existing or subsequently existing physical or medical condition or conditions of Plaintiff;

    d. Any or all of the medical expenses incurred by Plaintiff for treatment of injuries allegedly resulting from the Incident in Question were not reasonable and/or necessary;

    e. Plaintiff's injuries were not the result of or caused by the Incident in Question.

30. The architectural plans and drawings for the Location in Question, or any changes thereto.

31. Any contract between the owner and any other person or entity responsible for caring for, maintaining or cleaning the premises at the time of Plaintiff's injuries.

32. Any contracts between the owner and the manager or managing entity at the time of the Plaintiff's injury, and for the year immediately preceding the Incident in Question.

33. All documents evidencing ownership, occupancy rights, or rights to control the restaurant at 1151 Highway I-20 West, Arlington, Texas 76015 for the time of the Incident in Question.

34. A copy of any legal documents that evidence Defendant's status as a corporation, partnership, sole proprietorship or joint venture.

35. Any joint venture agreement between the parties or between any party to this suit and any non-party regarding the ownership, operation, repair, maintenance, cleaning or other service of or for the Premises in Question.

36. Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, inspection, repair, cleaning and service of the Premises in Question that were in existence at the time of the Incident in Question.

37.     Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, inspection, repair, cleaning and service of the Premises in Question that are in existence currently.

38.     Any and all photographs that Defendant has of any equipment, item, or movable property that was at the Location in Question on the date of the Incident in Question, but has since been relocated or removed.

39.     Personnel files or any other documents reflecting the name, address, and/or phone number of all Defendant's employees, independent contractors, agents, or representatives working at the Location in Question on the date of the Incident in Question.

40.     Any documents regarding maintenance of the Premises in Question from six months before the Incident in Question through the day of the Incident in Question.

41.     Any documents regarding inspections of the Premises in Question from six months before the Incident in Question through the day of the Incident in Question.

42.     Any documents or plans indicating subsequent remedial measures anticipated or undertaken at the Location in Question since the Incident in Question.

43.     All documents indicating the charges or costs for subsequent remedial measures anticipated or undertaken at the Location in Question since the Incident in Question.

44.     All documents, reports, videotapes, photographs, or statements regarding any other incident involving injury to another from tripping or slipping and falling at the Location in Question from seven years before the Incident in Question to present.

45.     All documents, reports, videotapes, photographs, or statements regarding any other incident involving injury to another from tripping or slipping and falling at 1151 Highway I-20 West, Arlington, Texas 76015from seven years before the Incident in Question to present.

## XIII. FIRST SET OF INTERROGATORIES

Pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to

answer, within fifty (50) days of service of this request, the following Interrogatories.

### Preliminary Statement

1.  The following interrogatories are to be answered separately and fully, by furnishing all information in your possession, custody or control, including all information to which you have a superior right to compel from a third party, such as your agent, authority, or representative.

2. You are to answer the interrogatories under oath. Your attorney in this case is not allowed to sign or swear to the answers you have made to the interrogatories.

3. You and your attorney are under a duty to supplement your answers to these interrogatories by amending your answers if you obtain information upon the basis of which you know that the answer was incorrect when made or you know that the answer is no longer true, even though it was correct when made.

4. Whenever an interrogatory requests the identification of a document or documents, please set forth where the document exists, the name and address of its custodian, a description of its contents, including its author, date, and addresses, the number of pages it contains, and all attachments to the original document.

5. If the answer to any interrogatory may be derived or ascertained from your business records, and the burden of deriving the answer would be substantially the same for Plaintiff and you, you may specify the records from which the answer may be obtained.

## Table of Definitions

Plaintiff sets forth the following definitions or abbreviations of various words and phrases that are contained in the Interrogatories. Plaintiff provides the following definitions and abbreviations for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., (1) to help the Defendant fully and accurately understand the objectives of Plaintiff's discovery efforts and (2) to simplify and assist the Plaintiff in his efforts to locate and furnish the relevant information and documents. It is expressly stipulated and agreed by the Plaintiff that an affirmative response on the part of the Defendants will not be construed as an admission that any definition or abbreviation contained hereto is either factually correct or legally binding on the Defendants.

**A. "YOU", "YOUR", OR "DEFENDANT"** means and refers to the named Defendant responding to the interrogatory, as well as its attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

**B. MULTIPLE PART ANSWERS:** Where an individual interrogatory calls for an answer which involves more than one part or subpart, each part of the answer should be set forth separately so that it is clearly understandable and responsive to the respective interrogatory or subpart thereof.

**C. WRITING OR WRITTEN:** The term "writing" or "written" are intended to include, but not necessarily be limited to the following: hand-writing, type-writing, computer printouts, printing, photograph, and every other means of recording upon any tangible thing or any form of communication, including letters, words, pictures, sounds or symbols or combinations thereof; and they further include any oral communication later reduced to writing or confirmed by a letter.

**D. DOCUMENT(S):** The term "documents" shall mean writings of every type and from any source, including originals and non-identical copies thereof that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but also in symbols, pictures, sound recordings, film, tapes and information restaurantd in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a

computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

**E. PERSON:** "Person" as used herein means an individual, corporation, partnership, association, trust, governmental entity, and any otherwise described entity.

**F. PERSON(S) IDENTITY:** When an interrogatory requests that you identify a person please state:

      1.    His or her full name;

      2.    His or her present or last known address;

      3.    His or her present employers name and address; and

      4.    His or her occupational position or classification.

## G. "IDENTIFY" or "IDENTIFICATION":

1.    As to a person: When used in reference to a person or individual, the terms "identify" or "identification" mean to state his/her full name, address, and telephone number.

2.    As to an entity: The terms "identify" or "identification" when used in reference to an entity such as a corporation, partnership or association, mean to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.

3.    As to a document: When used in reference to a document, the terms "identify" or "identification" shall include the following:

    a.    The title, heading or caption of such document.

    b.    The date appearing on such document; or if no date appears, the approximate date on which the document was prepared.

    c.    A general description of the document.

    d.    The name of the person who signed the document or statement that it was unsigned.

    e.    Name of the person or persons who prepared the document.

    f.    Name of the person or persons to whom the document was

        addressed and to whom the document was sent.

    g.    The physical location of the document.

4.    As to a statement: When used in reference to a statement, the terms "identify" or "identification" shall include who made the statement, who took or recorded it, and all others, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who was present or last known possession, custody or control thereof.

5.  To any other tangible thing:  When used in reference to any other tangible thing, the terms "identify" or "identification" mean to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

**H. INCIDENT IN QUESTION:**  The term "incident" or "incident in question" or similar reference as used herein refers to the incident or incident in Question described in the Plaintiff's Original Petition, unless otherwise defined herein, and which forms the subject matter in this suit.

**I. "LOCATION IN QUESTION"** refers to Defendant's restaurant referenced in Plaintiff's Original Petition.

**J. "STATEMENTS"** includes any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical, or other recordings, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

### Interrogatories

1.  Please state the full name, address, job title and employer of each person answering and assisting in answering these Interrogatories.

2.  State the name and address of the person or entity that owned, was in possession or exclusive possession and/or control of the Location in Question at the time of the Incident in Question.

3.  Please identify all experts who may be called as a witness in this case or whose work product formed the basis, either in whole or part, of the opinions of any experts who may be called as a witness.  With respect to each such expert, specify the following:

    a.  The subject matter upon which the witness is expected to testify including his/her impressions and opinions;
    b.  All facts know to the expert which relate or form the basis of the expert's mental impressions or opinions; and
    c.  All documents, communications, and other tangible things used by, prepared by, prepared for, or furnished an expert in anticipation of the expert's trial or deposition testimony, including all tests and calculations done by the expert or reviewed by him/her, whether or not such tests or calculations form the basis of his/her opinion.

4.  If you, or anyone acting on your behalf, know of any oral, written or recorded admission or any type by the Plaintiff pertaining to this suit, please identify the nature of each admission, the content of each admission, whether it was oral, written or recorded, the circumstances under which each was made, the name, address and telephone number of each person who was present when each was made, the date and location of each admission, and who has possession of each written or recorded admission.

5.  Please state the contents of any settlement, contribution, or indemnity agreement made with any other person or entity as a result of the incident made the basis of this suit,

including the names of the parties involved and the details of each agreement, including the amount.

6.   Prior to the present case, please state the name and address of each person who has ever sued you or has ever written or caused another to write any letter threatening to sue you for incidents or events involving Defendant's restaurant located at located at 1151 Highway I-20 West, Arlington, Texas 76015. With respect to prior lawsuits or threats of a lawsuit, specify the following:

   a.   The nature of the lawsuit or threatened lawsuit;
   b.   The name of any attorney who represented you and any other person in the lawsuit(s);
   c.   The name of any and all experts hired;
   d.   The name of any and all employees, past or present, who have given a deposition, including the date(s) of deposition;
   e.   The final disposition of each suit or threatened suit; and
   f.   State the style, cause number, and court of each suit filed.

7.   Please describe in detail any previous and/or subsequent incidents of which Defendant is aware which occurred in substantially the same way as the Plaintiff's incident or in the same or nearby location.

8.   Please describe in detail any changes made by the Defendant, employees, or agents, in the physical site of the incident before and after the occurrence in question. If the Defendant corrected, repaired or fixed the floor in anyway or condition, please state what the cost of repair was, the date the repairs were done, and the name, address and telephone number of the person or firm carrying out such repair work.

9.   If Defendant, Defendant's corporate representative, employee or agent has given a statement to anyone other than Defendant's attorney with respect to the occurrence in question, please state the name, address and telephone number of the person to whom such statement was given, the date on which the statement was given, the substance of such statement and whether such statement was a written or an oral statement.

10.  Was it a regular course of business of the Defendant to conduct a post-incident investigation into an incident of this sort or to complete an incident report, whether or not litigation was anticipated? If so, state whether an investigation was conducted, the date(s), full descriptions of the investigation(s), who conducted the investigation(s) or completed the incident report, the findings or conclusions of the investigation(s), and where such investigative or incident reports are now located. If you are claiming privilege as to any investigation based on its allegedly being done in anticipation of litigation, describe specifically what you are relying on to establish that you had reason to believe the litigation would ensue, including what overt acts or statements were made by Plaintiff or someone acting on behalf of the Plaintiff.

11.  Do you contend that the Plaintiff has done anything or failed to do anything that constitutes a failure to mitigate damages? If so, please describe the basis of your contention and what evidence exists to support same.

12.    If you have alleged that someone else's conduct or some other condition, disease, injury or event was the "sole proximate cause" of the incident in question, describe in detail the identity of such other person, event or condition, be it pre-existing or subsequent disease or injury.

13.    Please state whether the Defendant was aware of the condition of the floor and what efforts Defendant made to warn of the condition which the Plaintiff alleges to be the cause of the Incident in Question.

14.    State the name, address, and telephone number of all persons who were responsible for managing the condition of Defendant's facility located at 1151 Highway I-20 West, Arlington, Texas 76015, prior to the incident made the basis of this lawsuit.

15.    Please state the name, job title, address and telephone number of each employee and/or agent on duty at the facility located at 1151 Highway I-20 West, Arlington, Texas 76015, at the time of the incident made the basis of this lawsuit. Please also indicate what department they were assigned to and whether or not said employee is currently employed by you.

16.    Please identify all devices at the Location in Question available to be used to warn people of conditions such as the condition made the basis of this suit, where such devices were stored, who had access to such devices, and which were used to warn Plaintiff of the condition at the Location in Question on January 2, 2017. If no such devices were used to warn Plaintiff, then please state why such devices were not used.

17.    State each and every factor which you now contend or will contend at trial caused or contributed to the Plaintiff's damages including, but not limited to, pre-existing physical/medical, emotional, or psychological conditions of the Plaintiff.  TEX. R. CIV. P. 192.3(j). (A party may obtain discovery of any other party's legal contentions and the factual bases for them.); see also, comment 2 to TRCP 194 regarding "contention interrogatories" as appropriate to discover a parties legal theories and factual claims.

## XIV. REQUEST FOR ADMISSIONS

Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to

answer, within fifty (50) days of service of this request, the following Requests for Admissions.

### Table of Definitions

For purposes of the following Requests, the following definitions apply:

"You", "Your" and "Defendant" means and refers to the named Defendant responding to the request, as well as its attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

"Incident in Question" means and refers to the incident described in Plaintiff's Original Petition.

"Location in Question" refers to Defendant's restaurant located at 1151 Highway I-20 West, Arlington, Texas 76015.

### Requests

1.    Admit that the Incident in Question occurred on January 2, 2017, in Arlington, Tarrant County, Texas.
2.    Admit that Plaintiff fell at the Location in Question on January 2, 2017, in Arlington, Tarrant County, Texas.
3.    Admit that you owned the Location in Question on January 2, 2017.
4.    Admit that you had the right to occupy the Location in Question on January 2, 2017.
5.    Admit that you had the right to control the Location in Question on January 2, 2017.
6.    Admit that you had the ability to manage, direct, superintend, restrict, regulate, govern, administer, or oversee the Location in Question on January 2, 2017.
7.    Admit that you owned the facilities at 1151 Highway I-20 West, Arlington, Texas 76015 on January 2, 2017.
8.    Admit that you had the right to occupy the facilities at 1151 Highway I-20 West, Arlington, Texas 76015 on January 2, 2017.
9.    Admit that you had the right to control the facilities at 1151 Highway I-20 West, Arlington, Texas 76015 on January 2, 2017.
10.   Admit that you had the ability to manage, direct, superintend, restrict, regulate, govern, administer, or oversee the facilities at 1151 Highway I-20 West, Arlington, Texas 76015 on January 2, 2017.
11.   Admit that you have been properly named.
12.   Admit that you performed an investigation as a result of the Incident in Question.
13.   Admit that you were conducting video surveillance at 1151 Highway I-20 West, Arlington, Texas 76015 on January 2, 2017.
14.   Admit that you had videotape of Plaintiff.
15.   Admit that you still have videotape of Plaintiff.
16.   Admit that you destroyed videotape of Plaintiff.
17.   Admit that you lost videotape of Plaintiff.
18.   Admit that Plaintiff was your business patron at the time of the Incident in Question.
19.   Admit that Plaintiff was an invitee on your premises at the time of the Incident in Question.
20.   Admit that Plaintiff slipped and fell on a slippery substance on the floor at the Location in Question on January 2, 2017.
21.   Admit that the slippery substance on the floor at the Location in Question on January 2, 2017 was an unreasonably dangerous condition.
22.   Admit that you were aware of the slippery substance on the floor at the Location in Question before the Incident in Question.
23.   Admit that you should have been aware of the slippery substance on the floor at the Location in Question before the Incident in Question.
24.   Admit that you were aware of the condition of the Location in Question before the Incident in Question.
25.   Admit that you should have been aware of the condition of the Location in Question before the Incident in Question.

26. Admit that Plaintiff suffered personal injuries as a direct result of the Incident in Question.
27. Admit that Plaintiff has incurred medical expenses as a result of the Incident in Question.
28. Admit that Plaintiff will require future medical care for the personal injuries sustained as a result of the Incident in Question.
29. Admit that Plaintiff has experienced pain and suffering as a result of the Incident in Question.
30. Admit that Plaintiff will experience future pain and suffering as a result of the Incident in Question.
31. Admit that Plaintiff has experienced physical disfigurement in the past as a result of the Incident in Question
32. Admit that Plaintiff will experience physical disfigurement in the future as a result of the Incident in Question.
33. Admit that Plaintiff suffered physical impairment in the past as a result of the Incident in Question.
34. Admit that Plaintiff will suffer physical impairment in the future as a result of the Incident in Question.
35. Admit that Plaintiff has lost wages as a result of the Incident in Question.
36. Admit that Plaintiff experienced a loss of earning capacity as a result of the Incident in Question.
37. Admit that your negligence was a proximate cause of the Incident in Question.

Respectfully Submitted,

**THE CARLSON LAW FIRM, P.C.**
3919 West Waco Drive
Waco, Texas 76710
(254) 772-5653
FAX (254) 772-3183

By: _____ /s/ Ryan A. Luna_____
Ryan A. Luna
SBN: 24102119
Dominic M.V. Braus
SBN: 24069412
Attorneys for Plaintiff